IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
2007 MAR 26  AM 9: 27
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

| | | |
|---|---|---|
| JEFF DEVOLL<br>    Plaintiff, | §<br>§<br>§ | |
| VS. | §<br>§ | CIVIL NO. SA06CA0870 XR |
| FLEET BANK<br>    Defendant. | §<br>§ | |

### FIA CARD SERVICES, N.A. IMPROPERLY NAMED FLEET BANK'S FED. R. CIV. P. RULE 12(C) MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant, FIA Card Services, N.A., ("**FIA**") improperly named Fleet Bank, pursuant to Federal Rule of Civil Procedure 12(c), respectfully moves this Court for a final summary judgment on the pleadings in this matter to deny Plaintiff, Jeff Devoll's ("**Devoll**") Original Complaint with prejudice, and shows the Court as follows:

### BACKGROUND

1.  On or about October 6, 2006, Plaintiff filed his Original Complaint against Defendant. Plaintiff's cause of action solely based on his allegation that Defendant violated the Fair Credit Reporting Act by not reporting to the "Credit Reporting Agencies" that an alleged account between the two parties as "account information disputed by consumer". Plaintiff vaguely cites 15 U.S.C. § 1681s-2 as his legal authority for his Original Complaint. By this motion, Defendant seeks a final summary judgment to dismiss Plaintiff's claims with prejudice. Defendant further asserts that pursuant to this Court's Local Rule CV-7(h), the parties have made a good faith effort to resolve this matter by agreement, but no agreement could be reached.

### STANDARD OF REVIEW

2.  Summary judgment is appropriate when the summary judgment record demonstrates "that there is no genuine issue as to any material fact and that the moving party is

entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); accord *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S.Ct. 2505, 2509-10, 91 L.Ed.2d 202 (1986); *Fraire v. City of Arlington*, 957 F.2d 1268, 1273 (5th Cir. 1992), *cert. denied*, 506 U.S. 973, 113 S.Ct. 462, 121 L.Ed.2d 371 (1992).

3. "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank*, 47 F.3d 1459, 1462 (5th Cir. 1995), cert. denied, 516 U.S. 818, 116 S.Ct. 75, 133 L.Ed. 2d 35, 64 USLW 3205, 64 USLW 3240 (U.S. Oct 02, 1995) (NO. 94-2025).

## ARGUMENTS AND AUTHORITIES

4. Assuming all of the facts recited in Plaintiff's Original Complaint to be true, Plaintiff has no private right of action to seek damages against the Defendant under 15 U.S.C. § 1681s-2 for Defendant's alleged failure to report Plaintiff's consumer credit account to credit reporting agencies as "in dispute".

5. The only requirement for such reporting is set forth in 15 U.S.C. § 1681s-2(a)(2)(3), which is enforceable exclusively by enumerated Federal and State agencies under the language of 15 U.S.C. § 1681s-2(d). The only provision found in 15 U.S.C. § 1681s-2 that references the reporting of disputed accounts is 15 U.S.C. § 1681s-2(a)(3). However, the clear language of the statute states that the Plaintiff has no private right of action to pursue claims, or a statutory right to damages, for violations of 15 U.S.C. § 1681s-2(a)(3).

6. 15 U.S.C. § 1681s-2(a) broadly imposes certain reporting requirements on furnishers of credit information regarding the reporting of certain information. *Stafford v. Cross Country Bank*, 262 F. Supp. 2d 776, 782 (W.D. Ky. 2003). These requirements include the reporting of certain information as "disputed" under 15 U.S.C. § 1681s-2(a)(3), which is the sole

basis of Plaintiff's claim. 15 U.S.C. § 1681s-2(c) and (d) greatly limit the remedies available for violations of 15 U.S.C. § 1681s-2(a) including 15 U.S.C. § 1681s-2(a)(3).

7. 15 U.S.C. § 1681s-2(c) eliminates the availability of direct remedies to consumers by making 15 U.S.C. § 1681n and 15 U.S.C. § 1681o inapplicable to violations of 15 U.S.C. § 1681s-2(a).

8. Furthermore, Plaintiff seeks statutory damages under 15 U.S.C. § 1681n, which does not apply to violations of 15 U.S.C. § 1681s-2(a). Because Plaintiff's Original Complaint arises under 15 U.S.C. § 1681s-2(a), no statutory remedies are available under 15 U.S.C. § 1681n.

9. Plaintiff's Original Complaint is also unsupportable because there is no allegation or any fact pled challenging the validity of Defendant's investigation as required under 15 U.S.C. § 1681s-2(b). Plaintiff only alleges that the account was not reported as "in dispute", which leaves him no private cause of action. In other words, Plaintiff has no available statutory damages because 15 U.S.C. § 1681s-2(d) provides that the requirements imposed by subsection (a) are only enforceable by government officials, not alleged consumers. More specifically, 15 U.S.C. § 1681s-2(d) states, "Subsection (a) of this section shall be enforced exclusively under section 1681s of this title by the Federal agencies and officials and the State officials identified in that section." In *Pirouzian v. SLM Corp.*, 396 F. Supp. 2d 1124, 1126-1127 (S.D. Cal. 2005), the Court held that the statute was unambiguous and clear that there is no private right of action for violations of 15 U.S.C. § 1681s-2(a). Therefore, Plaintiff has no private right to bring a cause of action under this statute.

10. Furthermore, the courts have consistently held that no private right exists for consumers regarding violations under 15 U.S.C. § 1681s-2(a), even if the violations are valid. *Aklagi v. Nationscredit Fin. Serv. Corp.*, 196 F. Supp. 2d 1186, 1192 (D. Kan. 2002); *Cisneros v.*

*Trans Union, L.L.C.*, 293 F. Supp. 2d 1167, 1174 (D. Haw. 2003); *Stafford v. Cross Country Bank*, 262 F. Supp. 2d 776, 782 (W.D. Ky. 2003); *Carney v. Experian Info. Solutions, Inc.*, 57 F. Supp. 2d 496, 501 (W.D. Tenn. 1999). Therefore, even assuming Plaintiff's allegations are true, he still cannot maintain a cause of action in this matter. A summary judgment should be granted in favor of Defendant in this matter.

## CONCLUSION

11. For the foregoing reasons, this Court should grant Defendant's Motion for Summary Judgment against Plaintiff's claims and dismiss Plaintiff's claims with prejudice.

WHEREFORE, and for the reasons set forth herewith, FIA Card Services, N.A., improperly named Fleet Bank hereby respectfully moves the Court, pursuant to Fed. R. Civ. P. 56 and Fed. R. Civ. P. 12(h)(3), to grant FIA Card Services, N.A., improperly named Fleet Bank summary judgment on Plaintiff's claims in his Original Complaint.

Respectfully submitted,

HIRSCH & WESTHEIMER, P.C.

By: _____
Eric Lipper
Texas Bar No. 12399000
700 Louisiana, 25th Floor
Houston, Texas 77002
Telephone: (713) 220-9181
Facsimile: (713) 223-9319

**ATTORNEYS FOR DEFENDANT
FIA CARD SERVICES, N.A.**

## CERTIFICATE OF SERVICE

On this _____ day of March, 2007, I hereby certify that a true and correct copy of the foregoing was sent to the following counsel and/or parties of record as indicated below:

Jeff Devoll, *Pro Se*
706 Cobble
San Antonio, Texas 78216
Telephone No. (210) 344-4457
*CM,RRR No. 7004-1350-0003-5154-1744*

Eric Lipper